WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire and Casualty Insurance Company,<br><br>      Plaintiff,<br><br>v.<br><br>Mercury Plastics, LLC,<br><br>      Defendant. | No. CV-20-00389-TUC-SHR<br><br>**Order Denying Defendant's Motion to Dismiss** |

Pending before the Court is Defendant Mercury Plastics, LLC ("Mercury")'s Motion to Dismiss Plaintiff State Farm Fire & Casualty Insurance Company ("State Farm")'s Amended Complaint (Doc. 15) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 20.) For the following reasons, the Court denies the Motion to Dismiss.

**I. Background**

On August 10, 2018, Ying Hsien Chu's home was flooded and damaged by a sudden failure of the water supply line. (Doc. 1; Doc. 15.) Chu (the "Insured") was insured by State Farm at the time. (*Id.*) On August 6, 2020, State Farm filed its original complaint

---

[1]Defendant has requested oral argument, but the Court finds oral argument will not aid in resolution of the issue raised. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(a); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court."); *see also Bach v. Teton Cnty. Idaho*, 207 F. App'x 766, 769 (9th Cir. 2006) ("Due process does not require the district court to hold oral argument before ruling on pending motions.").

against former defendants Zurn Industries, LLC ("Zurn") and Rexnord Industries, LLC ("Rexnord"), as well as unnamed "John Does," "ABC Corporations," and "XYZ Partnerships" in Pima County Superior Court alleging failure of a plumbing part used in the water supply line. (Doc. 1, ¶ 1; Doc. 1-3.) State Farm's claims were strict product liability, negligence, and failure to warn. (Doc. 1-3.)

Former defendants Zurn and Rexnord removed the action to federal court on September 11, 2020. (Doc. 1.) On September 18, Zurn and Rexnord answered the Complaint, denying they manufactured the allegedly faulty plumbing part; they did not indicate who may have manufactured the part. (Doc. 7 at ¶¶ 6, 16, 22, 26.)

On February 4, 2021, State Farm, Zurn, and Rexnord filed a Stipulated Motion to Add Defendant and Dismiss Rexnord and Zurn, asserting that, "[u]pon further investigation, State Farm now believes Mercury is the true manufacturer of the subject water supply line" and, therefore, it "wishe[d] to add Mercury . . . as a named defendant in place of [Rexnord and Zurn]." (Doc. 11.) The Court granted the Stipulated Motion on February 5 (Doc. 12) and State Farm's Amended Complaint was filed on February 4 (Doc. 11-1, filed on Feb. 4, despite being added to ECF docket on March 9, *see* Doc. 15).

State Farm's Amended Complaint (Doc. 15) asserts claims for strict product liability, negligence, and failure to warn against Defendant Mercury. State Farm alleges the water supply line was "an unreasonably dangerous condition because it was defective at the time of manufacture, distribution, and sale by Mercury, and was unable to withstand its ordinary and foreseeable conditions of use." (*Id.* ¶ 8.) State Farm alleges the failure of the supply line was "due to improper designed and material chosen for the elbow at issue," was "the result of insufficient inspection and testing of the product at issue," and was "caused because inadequate warnings and instructions were provided by Mercury concerning the safe installation, maintenance, and handling of the line." (*Id.* ¶¶ 9-12.) Mercury was served on February 11, 2021. (Doc. 16.) A red-lined copy of State Farm's Amended Complaint was filed on March 11, 2021. (Doc. 18.)

On March 24, 2021, Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6), arguing the Amended Complaint "is barred by the applicable 2-year Statute of

Limitations for products liability and negligence claims mandated by A.R.S. §§ 12-551, 12-681, 12-542." (Doc. 20 at 1).

## II.     Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. Such dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (internal quotations and citations omitted). And, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" of the Federal Rules of Civil Procedure and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) (court must convert Rule 12(b)(6) motion to Rule 56 motion when it considers evidence outside

pleadings).

Under Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A fact is "material" if, under the applicable substantiative law, it "might affect the outcome of the suit." *Id.* In evaluating a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

### III.    Statute of Limitations and Discovery Rule

"The affirmative defense of statute of limitations may be raised by motion in Arizona if it appears from the face of the complaint that the claim is barred." *Dicenso v. Bryant Air Conditioning Co., a Div. of Carrier Corp.*, 643 P.2d 701, 702 (Ariz. 1982); s*ee also* Fed. R. Civ. P. 8(c)(1); Ariz. R. Civ. P. 8(d)(1)(P). "[W]hen it appears on the face of the complaint that an action may be barred by limitations, the burden is on the plaintiff to establish that the statute has been tolled." *Bailey v. Superior Ct. In & For Pima Cnty.*, 694 P.2d 324, 328 (Ariz. App. 1985).

State Farm's claims fall within the broad definition of "product liability action" as defined in A.R.S. § 12-681:

> "Product liability action" means any action brought against a manufacturer or seller of a product for damages for bodily injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, sale, use or consumption of any product, the failure to warn or protect against a danger or hazard in the use or misuse of the product or the failure to provide proper instructions for the use or consumption of any product.

The statute of limitations for product liability actions is two years, as set forth in A.R.S. § 12-542, which provides such claims "shall be commenced and prosecuted within two years after the cause of action accrues." *See also* A.R.S. § 12-551 (§ 12-542 applies to product liability actions). Generally, a cause of action accrues and the statute of limitations begins to run "when the act upon which the legal action is based took place, even though the plaintiff may be unaware of the facts underlying his or her claim." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 898 P.2d 964, 966 (Ariz. 1995). "The purpose of the statute of limitations is to 'protect defendants and courts from stale claims where plaintiffs have slept on their rights.'" *Doe v. Roe*, 955 P.2d 951, ¶ 29 (Ariz. 1998) (quoting *Gust*, 898 P.2d at 968).

To "mitigate the harshness the traditional [discovery] rule was capable of inflicting on a plaintiff" who did not know of the injury, courts have developed an exception known as the "discovery rule." *Id.*; *see also Kenyon v. Hammer*, 688 P.2d 961, 968 (Ariz. 1984) (recognizing "the discovery doctrine has generally been adopted and applied to tort actions in Arizona"). Under the discovery rule, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe*, 955 P.2d at 960, ¶ 29; *see also Mayer v. Good Samaritan Hosp.*, 482 P.2d 497, 499 (Ariz. App. 1971) ("This so-called 'discovery rule' is expressed as follows: 'While the plaintiff certainly must exercise reasonable diligence to inform himself of the facts and how they relate to each other, the statutes should not begin to run until through reasonable diligence the plaintiff should have reason to know that a claim exists.'" (internal citation omitted)); *Coulter v. Grant Thornton, LLP*, 388 P.3d 834, ¶ 10 (Ariz. App. 2017).

In applying the discovery rule, courts must determine: (1) when discovery occurred; and (2) whether the plaintiff has fulfilled their duty to investigate with reasonable diligence to discover the facts. *See Doe*, 955 P.2d at 962. The United States Supreme Court has explained that "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock" on the statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 555 (2000). In Arizona, when discovery occurs and a cause of action accrues are "usually and necessarily questions of fact for the jury." *Doe*, 955 P.2d at 961, ¶ 32. "A plaintiff need

not know *all* the facts underlying a cause of action to trigger accrual," but "must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury." *Id.* ¶ 32 (emphasis in original).  Further, although a plaintiff "may not have been aware of all the facts," he "is charged with a duty to investigate with due diligence to discover the necessary facts."  *Id.*  "[T]he requirement that parties exercise reasonable diligence safeguards against cases where a plaintiff has truly allowed his claim to become stale."  *Gust*, 898 P.2d at 969.  To that end, the Arizona Supreme Court has made clear "it is not enough that a plaintiff comprehends a 'what'; there must also be reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault."  *Walk v. Ring*, 44 P.3d 990, ¶ 22 (Ariz. 2002).  In other words,"[t]he cause of action does not accrue until the plaintiff knows or should have known of both the what and who elements of causation."  *Lawhon v. L.B.J. Institutional Supply, Inc.*, 765 P.2d 1003, 1007 (Ariz. App. 1988).

### IV.     Mercury's Motion to Dismiss

Mercury argues, because this is a subrogation matter, State Farm's claims accrued on August 10, 2018 when its Insured experienced the alleged property damage, so the statute of limitations expired on August 10, 2020. (Doc. 20 at 1, 4.)  Therefore, according to Mercury, the Amended Complaint filed on February 4, 2021 is barred.  (*Id.* at 4.) Mercury asserts the application of the statute of limitations is a question of law—not one of fact, and Arizona's "discovery rule" "does not absolve Plaintiff" because it "had two years to investigate the loss and only filed the original Complaint against the former defendants four days prior to the August 10, 2020 statute of limitations."  (*Id.* at 5 (emphasis in original); Doc. 23 at 4.)  Mercury further contends the discovery rule does not apply because there was nothing difficult to detect about the injury or the act and State Farm did not exercise reasonable diligence in discovering Mercury's identity as the manufacturer. (Doc. 20; Doc. 23.)  Specifically, Mercury asserts State Farm delayed discovery because "a simple lay Google search that any child could do instantly brings up at least sufficient evidence to further pursue or contact Mercury about its potential involvement in the manufacture of the subject water line." (Doc. 23 at 5-9.)

State Farm counters that Arizona's discovery rule applies and, therefore, "[t]he only remaining issue is whether State Farm acted with reasonable diligence in identifying Mercury as the maker of the product and then asserting a claim against Mercury." (Doc. 22 at 3–5.) State Farm argues it acted with reasonable diligence because the original defendants did not deny they made the product until September 2020 and "almost immediate[ly], that same month," State Farm attempted to reach its original experts at Plumbing Failure Analysis Corp. ("PFA") "to determine the basis of their identification of the maker," but were "unsuccessful" because "a few weeks later it was determined that [PFA] was out of business; phone numbers were inactive." (*Id.* at 2, 5.) State Farm has provided emails showing it hired Donan Labs in October 2020 to determine the identity of the manufacturer and received a report on December 9, 2020, which identified Mercury as the manufacturer. (*Id.*; Doc. 22-2; Doc. 22-3.) State Farm "immediately took steps to amend the complaint and substitute Mercury for Zurn and Rexnord" and filed its Amended Complaint within 90 days of receiving the Donan Labs report, on February 4, 2021. (Doc. 11; Doc. 15; Doc. 22 at 5.) State Farm argues these facts "at the very least, present[] a triable issue of fact that Plaintiff acted with reasonable diligence in identifying Mercury as the maker of the supply line," and argues the fact the original complaint was filed near the end of the two-year statute of limitations "is not a lack of reasonable diligence" because "there was no reason to doubt that Plaintiff's original experts had the right defendant" and "Plaintiff owed no duty to file sooner than required by law so Mercury could have been discovered earlier." (Doc. 22 at 5.)

### A. When Discovery Occurred

There is no genuine dispute that State Farm discovered the injury (water damage to their Insured's property caused by an allegedly faulty water supply line) on August 10, 2018. Therefore, State Farm had knowledge of the "what" on August 10, 2018 or shortly thereafter. *See Walk*, 44 P.3d at 996, ¶ 22. Given State Farm is in the business of, among other things, insuring homeowners for events such as property damage caused by water loss resulting from a faulty water supply line, State Farm also had a reason to connect the injury—the "what"—to a particular "who" in such a way that a reasonable person would

have been on notice to investigate whether the damage resulted from fault. *See id.* State Farm began investigating the identity of who manufactured the allegedly faulty product and obtained an expert report from PFA less than two months after the injury. (Doc. 22-1.) PFA's October 3, 2018 report identified Zurn as the manufacturer and State Farm filed suit against Zurn and Rexnord[2] within the two-year statute of limitations, on August 6, 2020. (Doc. 1-3.)

There is also no dispute that State Farm did not learn of Mercury's identity as the manufacturer of the allegedly faulty product until receiving the Donan Labs report in December 2020. In other words, State Farm did not know the "who" element until December 9, 2020; therefore, discovery did not occur until that same date. *See Lawhon*, 765 P.2d at 1007.

B. <u>Whether State Farm Investigated with Reasonable Diligence</u>

In addition to whether the discovery rule applies, the Court must determine whether State Farm established it acted with reasonable diligence in investigating and discovering Mercury's identity. *See Doe*, 955 P.2d at 962. Mercury insists this is a question of law, while State Farm contends it is a triable issue of fact. Because the parties rely on matters outside the pleadings to support their arguments, the Court applies the summary judgment standard. *See* Fed. R. Civ. P. 12(d). That is, "while it is ordinarily sufficient when the plaintiff is aware of the injury and its causative agent (the 'what and who' elements), summary judgment is warranted only if the failure to go forward and investigate is not reasonably justified." *Walk*, 44 P.3d at 996, ¶ 23.

Based on the record, the Court concludes State Farm acted with reasonable diligence in investigating who manufactured the allegedly faulty product. Viewing the facts in the light most favorable to State Farm, it appears the first experts retained by State Farm, PFA, provided a report dated October 3, 2018. (Doc. 22-1.) That report identified Zurn as the manufacturer. (*Id.*) However, in September 2020, State Farm learned that Zurn had not

---

[2]The Complaint asserted Zurn and Rexnord manufactured the allegedly faulty product (Doc. 1-3); according to Zurn and Rexnord's Notice of Removal (Doc. 1), the two LLCs are connected through Rexnord-Zurn Holdings, Inc.

manufactured the product. (Doc. 7.) On September 11, 2020, State Farm's counsel sent an email indicating he had called PFA "twice and emailed them as well" but received no response. (Doc. 22-2.) On October 19, State Farm's counsel initiated an inquiry via email with Donan Labs to retain them as experts in this matter, explaining "[t]he expert originally hired and whose report is attached it out business." (Doc. 22-3.) On December 8, 2020, State Farm inquired as to the status of testing with Donan labs, and the next day, Donan Labs said testing was complete and referred State Farm to its report, which is dated November 12 but apparently was not received by State Farm until December 9. (*Id.*) As noted, State Farm moved to add Mercury as a defendant on February 4, 2021. (Doc. 11.)

In response, Mercury has submitted what appears to be a screenshot of PFA's website, which lists the same phone number and address that were in the heading of PFA's October 3, 2018 report. (Doc. 23-1.) The website also indicates that although PFA had moved to a new location, its phone numbers, email addresses, and webpage "have not changed." (*Id.*) As noted earlier, State Farm asserts that after unsuccessful attempts to reach PFA, "a few weeks later it was determined that [PFA] was now out of business; phone numbers were inactive." (Doc. 22 at 2.) State Farm does not provide any evidence to support this assertion, nor does it explain how it determined that PFA was out of business. Nonetheless, State Farm did initiate an inquiry with Donan Labs the month after it learned neither Zurn nor Rexnord manufactured the product. Therefore, State Farm has established it exercised reasonable diligence in investigating the identity of the manufacturer.

### C. Mercury's Relation-Back Argument

Mercury also preemptively argues the Amended Complaint does not relate back to the date of the original Complaint because none of Federal Rule of Civil Procedure 15(c)(1)'s exceptions apply, nor do any of the exceptions of Arizona Rule of Civil Procedure 15(c) (which is practically identical). Mercury's argument rests upon the flawed presumption that the 90-day period of service referenced by Rule 15 began on August 10, 2020; however, the 90-day service period began on December 9, 2020 when State Farm first learned of Mercury's identity. Additionally, Mercury's allegation the Amended

Complaint does not relate back because it "did not simply add a claim that was substantively laid out against an already named defendant" fails because under Rule 15(c)(1), an amendment can change the party named if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading" and "the party to be brought in by amendment . . . received such notice of the action that it will not be prejudiced in defending on the merits" within the 90-day period provided by Rule 4(m). *See Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (Rule 4(m) period restarted by filing of amended complaint only as to defendants newly added in amended complaint). The Amended Complaint asserts a claim arising out of the same occurrence set out in the original complaint—the alleged failure of the water supply line on August 10, 2018, the amendment changes the name of the defendant, and Mercury was served within 90 days of the Amended Complaint being filed. Therefore, Mercury's relation-back argument is unavailing.

## V.     Conclusion

Because the parties have relied upon and the Court has considered the parties' exhibits, the Court treats Mercury's Motion to Dismiss as a motion for summary judgment. Having viewed the facts in the light most favorable to State Farm, the Court concludes Mercury has not shown it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. Rather, the Court concludes State Farm has established the discovery rule applies and tolls the statute of limitations such that its Amended Complaint is timely.

Mercury's Motion to Dismiss is denied and Mercury shall file its answer to State Farm's Amended Complaint within fourteen days after notice of this Court's Order. *See* Fed. R. Civ. P. 12(a)(4)(A). Accordingly,

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS ORDERED** Defendant Mercury Plastics, LLC's Motion to Dismiss (Doc. 20) is **DENIED.**

**IT IS FURTHER ORDERED** Defendant Mercury Plastics, LLC shall file its answer to Plaintiff State Farm's Amended Complaint on or before **Friday, June 11, 2021.**

**Dated this 28th day of May, 2021.**

*[Signature]*
Honorable Scott H. Rash
United States District Judge